**Alonzo Lee TAYLOR, Plaintiff— Appellant,**

v.

**Linda L. MELCHING;  et al., Defendants—Appellees.**

No. 04–17416.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 21, 2006.

Alonzo Lee Taylor, Soledad, CA, pro se.

Frank G. Tiesen, Deputy Atty. General, Office of County Counsel, Salinas, CA, Austin Jacobs Cattermole, Office of the California Attorney General, San Francisco, CA, for Defendants—Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Alonzo Lee Taylor, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging defendants denied him due process and access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's orders. *Nelson v. Heiss,* 271 F.3d 891, 893

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2001) (dismissed under 12(b)(6)); *Calhoun v. Stahl,* 254 F.3d 845 (9th Cir. 2001) (dismissed under 28 U.S.C. § 1915(a)). We affirm in part, vacate in part, and remand.

The district court properly concluded that Taylor failed to state a due process claim with respect to the confiscation of his personal property because the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 536, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see also Barnett v. Centoni,* 31 F.3d 813, 816–17 (1994) (per curiam) ("California law provides an adequate post-deprivation remedy for any property deprivations").

The district court did not abuse its discretion by staying discovery pending the outcome of defendants' motion to dismiss as Taylor does not show how the failure to pursue discovery resulted in actual and substantial prejudice. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002).

The district court erred, however, by dismissing Taylor's access to courts claims at the screening stage. Taylor alleged that the state court appointed an investigator to aid him in his state habeas proceeding, that he had the permission of the warden for confidential legal visits with the investigator, that prison personnel nevertheless refused to mail his correspondence, that he grieved the refusal and prevailed and that prison personnel still refused to mail his letter to the investigator. These allegations are sufficient to survive review under the screening provision and require the government to respond. *See* 28 U.S.C. § 1915A; *see also Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Taylor's remaining contentions are without merit.

**AFFIRMED in part; VACATED and REMANDED in part.**